UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TONY PENWELL,<br><br>                Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendant. | CASE NO. 3:24-cv-05748-TSZ-BAT<br><br>**REPORT AND RECOMMENDATION** |

On September 6, 2024, Plaintiff, Tony Penwell, filed a prisoner 42 U.S.C. § 1983 complaint against Defendants Cheryl Strange, Secretary of Department of Corrections (DOC), Eric Jackson, Deputy Assistant Secretary of DOC, Jason Bennett, Superintendent of Stafford Creek Correction Center (SCCC), and Krissy Rygg, Inmate Banking Supervisor. Dkt. 1-1. Plaintiff alleges Defendants violated his Due Process and Equal Protection rights under the Fourteenth Amendment by making unauthorized withdrawals from his prison trust account in violation of the relevant state statutes. *Id.*

The Court must review complaints filed by prisoners/detainees under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

REPORT AND RECOMMENDATION - 1

from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Court has reviewed the complaint and recommends it be DISMISSED with prejudice for the reasons below. Leave to amend should be denied because no amendment would cure the barriers to relief currently, and thus amendment would be futile. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect.").

## DISCUSSION

**A.    The Complaint**

The Complaint alleges Plaintiff was transferred to SCCC on August 13, 2023. Dkt. 1-1 at 8-19. He alleges he received a small bag of hygiene items during the intake process. *Id.* Plaintiff alleges that per policies and state statute these items are "to go onto the facilities debt." *Id.* He alleges he was indigent at the time. *Id.* Plaintiff alleges on September 22, 2023, he received $25 from an outside source. *Id.* He alleges on September 25, 2023, $1.20 was withdrawn for legal mail he sent out and that he filled out a postage transfer form as required in order to remove funds from his account for "legal mail." *Id.* Plaintiff alleges on September 25, 2023, $4.86 was "unlawfully removed from [his] institutional banking account." *Id.* He alleges he did not fill out the required form to "request to transfer funds form DOC 06-075" nor was this allowed per state laws. *Id.*

Plaintiff alleges "RCW 72.09.450(2) states: the department SHALL record all lawfully authorized assements [sic] for services or 'supplies' as a 'debt to the department.' The department SHALL recoup the assessments when the inmates institutional account [exceeds] the indigence standard." *Id.* He asserts that this has always meant any monies over the indigent level

REPORT AND RECOMMENDATION - 2

1  are subject to deductions, "however indigent level below cannot be drawn from unless form
2  DOC 06-075 has been submitted." *Id.*

3  Plaintiff asserts that "RCW 72.10.020 Health Services delivery plan – Reports to the
4  legislature – 'Policy of distribution of Persona[l] Hygiene items.' At: (3)(a) The 'Secretary'
5  SHALL adopt, by rule, a uniform policy relating to the distribution and replenishment of
6  personal hygiene items for inmates incarcerated in all department institutions. The policy
7  SHALL provide for the initial distribution of adequate personal Hygiene items to inmates upon
8  their arrival at all institution." *Id.*

9  Plaintiff asserts that (5)(b) of the statute provides "The following become debt and are
10 subject to RCW 72.09.450: (b) All charges for replenishment personal hygiene items that are not
11 collected when the item is [distributed]." *Id.*

12 Plaintiff asserts that pursuant to DOC Policy 200.00(iii)(A)(1) "An individual's
13 spendable subaccount balance will not be reduced to less than the indigence per RCW
14 72.09.015." *Id.* He asserts DOC Policy 200.00(V)-(B) provides "Individuals will complete DOC
15 06-075 'Request to Transfer Funds' to request withdrawals from their account." *Id.*

16 Plaintiff asserts RCW 72.09.015(15) provides "Indigent inmate – indigent and indigency
17 mean an inmate who has less than a twenty-five dollar balance of disposable income in his or her
18 institutional account on the 'day a request is made to utilize funds' and during the thirty days
19 previous to the request." *Id.*

20 Plaintiff asserts he was indigent when he received the hygiene items and remained
21 indigent for another five and a half weeks before receiving $25. *Id.* He asserts the request to
22 utilize funds was made on August 13, 2023, and 5 ½ weeks later he received the $25. *Id.* He
23 asserts "defendants waited until then to withdrawal the funds not when I requested to utilize the

REPORT AND RECOMMENDATION - 3

funds. *Id.* Because I was indigent when I made the request to utilize the funds. Moreover, per policy, the charge for the items was to go on my institutional debt. Thus, only 20% of monies over $25 can be deducted to pay down that debt." *Id.*

Plaintiff alleges that when the money was "unlawfully taken" from his inmate account, he contacted inmate banking. *Id.* He alleges the staff member he spoke to acknowledged he was right but that her supervisor, Krissy Rygg, would not return the money. *Id.*

Plaintiff alleges Defendants failed to properly train or supervise DOC staff to properly follow state law and policies and/or failed to correct the unlawful withdrawal from his account when he brought it to their attention. *Id.*

He alleges the "unlawful deduction" from his prison account depleted his account below the level required to purchase Costco pizza as part of a "privileged fundraiser event." *Id.*

Plaintiff alleges he "filed a Washington State Tort Claim" but that "they failed to satisfy the damage and was inadequate." *Id.* Plaintiff contends "the state delegated to the Defendants the power and authority to create the internal policies and procedures that deprive me of my money and rights, and concomitant duty to initiate the procedural safe guard against such a systemic and unlawful deprivation. *Id.* As such, the Defendant's abused their positions of authority in a manner that was wholly predictable and preventable and any post-deprivation remedies are Constitutional [sic] inadequate, as the Defendants authorized the practice and it was entirely within the power of the prison official to control." *Id.*

Plaintiff alleges the improper withdrawal of funds from his account violated his due process rights when he was denied the opportunity to be heard prior to future taking of funds from his account. *Id.*

REPORT AND RECOMMENDATION - 4

Plaintiff also alleges the improper withdrawal of funds violated his equal protection rights because he was unable to participate in enjoying Costco pizza and cookies like the other individuals in his unit. *Id.*

As relief Plaintiff seeks compensatory damages, monetary damages, declaratory relief based on the purported constitutional violations, punitive damages, and such other relief as the Court may deem fit. *Id.*

**B.    Legal Standards**

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

**C.     Due Process Claim**

Plaintiff alleges his due process rights were violated because funds were unlawfully deducted from his prison trust account.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). "Due process protections extend only to deprivations of protected interests." *Shinault v. Hawks,* 782 F.3d 1053, 1057 (9th Cir. 2015) (citing *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 569–70 (1972)). Prisoners have a protected property interest in the funds in their prison trust accounts. *Shinault,* 782 F.3d at 1057 (citing *Quick v. Jones,* 754 F.2d 1521, 1523 (9th Cir.1985)). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, where a prisoner alleges deprivation of property by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where an adequate state post-deprivation remedy exists. *See Zinermon v. Burch*, 494 U.S. 113, 129–32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13, 533 (1984) (holding unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available); *Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (no due process violation for negligent loss of prisoner's hobby kit), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Quick*, 754 F.2d at 1524.

Furthermore, the Supreme Court has held that although post-deprivation "state remedies may not provide the respondent with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt*, 451 U.S. at 544. For instance, even where the State remedy only provided for an action against the State as opposed to individual employees,

REPORT AND RECOMMENDATION - 6

contained no provision for punitive damages, and there was no right to a trial by jury, where the "remedies provided could have fully compensated the respondent for the property loss he suffered," such remedies were found sufficient to satisfy the requirements of due process. *Id.*; *Joshua v. Newell*, 871 F.2d 884, 887 (9th Cir. 1989) ("To satisfy due process, the state remedy need not provide the plaintiff with all the relief available under section 1983, so long as it would fully compensate their property loss.").

The Ninth Circuit has held that an adequate post-deprivation remedy for deprivation of property is available in the State of Washington through, for example, the Washington State Tort Claims Act, R.C.W. § 4.92.090. *Joshua*, 871 F.2d 884, 887 (9th Cir. 1989). Further, under R.C.W. 72.02.045, the state and/or state officials may be liable for the negligent or intentional loss of inmate property.[1] These state processes have been determined to provide an adequate post-deprivation remedy to address improper deductions from a prisoner's account. *See Wright v. Riveland*, 219 F.3d 905 (9th Cir. 2000) (finding that should deductions from the prisoner's account exceed the proper amount, "the inmate has an adequate post-deprivation remedy for a refund through the established prison grievance procedure or by filing a tort claim with the state."); *Reed v. Vernell*, No. 14-5800 RJB-KLS, 2015 WL 3482042, at *6 (W.D. Wash. June 2, 2015), *aff'd*, 696 F. App'x 233 (9th Cir. 2017) ( "RCW 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of inmate property) [and] RCW 4.92.090 (state liable for the tortious conduct of state officials)" were sufficient post-deprivation remedies for improper deductions); *Pennick v. Thompson*, No. C11-5175 RBL/KLS, 2011 WL 4502227, at *4

---

[1] The Court also notes that under Washington law, "all local governmental entities ... shall be liable for damages arising out of their tortious conduct." R.C.W § 4.96.010.

REPORT AND RECOMMENDATION - 7

(W.D. Wash. Sept. 2, 2011), *report and recommendation adopted*, 2011 WL 4501413 (W.D. Wash. Sept. 28, 2011), *aff'd*, No. 11-35882, 2012 WL 5951483 (9th Cir. Nov. 26, 2012) (same).

Here, Plaintiff is not challenging state-authorized deductions but deductions from his account he alleges are in violation of the state-authorized process provided in the statute and prison regulations. *See Farias v. Hicks*, No. 114CV01950SKOPC, 2015 WL 6536016, at *4 (E.D. Cal. Oct. 28, 2015) (finding no due process violation where plaintiff challenged not state-authorized deductions of medical co-payments or law library expenses, but deductions made in violation of the state authorized process articulated in prison regulations and the state provided an adequate post-deprivation remedy).

As Plaintiff has an adequate Washington state post-deprivation remedy for the alleged wrongful taking of his property his § 1983 due process claim fails and should be dismissed with prejudice.

**D.    Equal Protection Claim**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

REPORT AND RECOMMENDATION - 8

Alternatively, when an action does not implicate a protected class such as race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that he has been intentionally treated differently from others similarly situated without any rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Action Apt. Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). To "'be considered similarly situated, the class of one challenger and his comparators must be prima facie identical in all relevant respects or directly comparable in all material respects.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1294 (E.D. Cal. 2016) (quoting *U.S. v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008)); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).

Plaintiff alleges the improper withdrawal of funds from his account violated his equal protection rights because he was unable to participate in enjoying Costco pizza and cookies like the other individuals in his unit. Plaintiff makes no allegations that he was discriminated against based upon his membership in a protected class, nor does he allege that he was intentionally treated differently from similarly situated individuals without a rational relationship to a legitimate state purpose.

Plaintiff does not allege that prison officials intentionally took money improperly from his account but did not do so for other inmates in the same situation. Rather, Plaintiff contends that Defendants have an internal practice or procedure for withdrawing funds from all inmates' accounts that violates state law. Plaintiff indicates that he was unable to participate in enjoying pizza and cookies because he did not have sufficient funds in his account to participate while those in his unit who did have sufficient funds were able to participate. There is no indication

REPORT AND RECOMMENDATION - 9

Plaintiff was intentionally treated differently from similarly situated individuals, e.g., that other individuals with insufficient funds in their account were able to participate while he was not. Plaintiff's complaint is devoid of any other facts that are even suggestive of a viable equal protection claim.

## CONCLUSION

For the foregoing reasons, the undersigned recommends the complaint be DISMISSED with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **October 3, 2024.** The Clerk shall note the matter for **October 4, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 19th day of September, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge